Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., | Case No.: 2:21-cv-7887 |
| *Plaintiff,* | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | *Jury Trial Demanded* |
| SCOTT DISICK, and TALENTLESS, LLC, | |
| *Defendants.* | |

Plaintiff BackGrid USA, Inc., for its Complaint against Defendants Scott Disick and Talentless, LLC, alleges as follows:

1.    This is an action for copyright infringement brought by BackGrid, the holder of the copyrights to the photographs described below, against defendants for uses of BackGrid's photographs without authorization or permission.

## JURISDICTION

2.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court has therefore jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff*

3.    Plaintiff BackGrid USA, Inc. is an entity organized and existing under the laws of the state of California with its principal place of business in Redondo

Beach, California. BackGrid is a global premier celebrity news and photo agency that provides the world's top news outlets with real-time content from the world's top photographers.

4. BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

6. But repeated, almost instantaneous acts of content piracy destroy the syndication value of the work of content creators and owners like BackGrid. When content is distributed widely for free by infringers, legitimate licensors like BackGrid's customers will decline to license that content, or the amount they are willing to pay will be reduced. Legitimate publications to which BackGrid looks to pay licensing fees are unwilling to pay for work that is already widely disseminated on the internet for free. This is especially true when, as here, celebrities distribute images of themselves to their millions of followers without authorization.

### *Defendants*

7. Defendant Scott Disick is a television personality, businessman, and entrepreneur. His business interests include or have included reality television appearances, fashion apparel, vitamin companies, and nightclub investments. On information and belief, Scott Disick is the owner and operator of the Instagram account @letthelordbewithyou, which is publicly accessible.

8. Mr. Disick is the founder and creator of Talentless, an affordable luxury brand of apparel that bills itself "authentic apparel for self-made outsiders." Talentless retails clothing on its website https://www.talentless.co.

9.      Mr. Disick's Instagram profile @letthelordbewithyou promotes the Talentless brand, stating among other things: "Follow my brand[] … @talentless" and including a link to www.talentless.co. On his Instagram feed, Mr. Disick frequently adds posts and "stories" that feature and advertise Talentless clothing.

10.     The Terms & Conditions published on the talentless.co website, at https://talentless.co/pages/terms-conditions, states that "Talentless, LLC and its affiliates … own and operate www.talentless.co."

11.     Talentless, LLC is a limited liability company with a principal place of business in Los Angeles, California.

12.     Talentless's Instagram profile @talentless states that it is the "[a]ffordable luxury brand by @letthelordbewithyou" and also includes a link to www.talentless.co.

13.     On information and belief, Mr. Disick is a member and principal of Talentless, LLC and is authorized to act on its behalf.

### *Personal Jurisdiction*

14.     This Court has personal jurisdiction over Mr. Disick because, on information and belief, he resides in the State of California and this judicial district and, on information and belief, is also doing business in the State of California and in this judicial district.

15.     This Court has personal jurisdiction over defendant Talentless because, on information and belief, it has a principal place of business in Los Angeles county, California, such that it can be said to be "at home" here. Specifically, on information and belief Talentless maintains a physical location in the Los Angeles area from which it ships all orders and receives returns. In addition, Los Angeles is the location of Talentless's "headequarters," in that its principal decisionmakers, including Mr. Disick, reside and make decisions there.

16.     Alternatively, Talentless has significant contacts California, including its principal Mr. Disick, and the claims arise out of those contacts.

1

*Venue*

2

17.     Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

3

**FACTS SUPPORTING ALL CLAIMS**

4

18.     Defendants used BackGrid's Photographs without authorization,

5

permission, license, or justification, as follows:

6

*Infringements*

7

19.     BackGrid is the owner and exclusive copyright holder of a photographic

8

image depicting defendant Scott Disick talking on a mobile phone behind a black

9

sports car ("Photograph 1"). Photograph 1 was registered with the United States

10

Copyright Office as Registration No. VA 2-205-530 (eff. April 25, 2020).

11

20.     BackGrid never licensed Photograph 1 to Mr. Disick. Nevertheless, Mr.

12

Disick used Photograph 1 without authorization or permission to do so.

13

21.     Specifically, Mr. Disick or his agents copied Photograph 1 and displayed

14

it on Instagram on August 31, 2017, via his account @letthelordbewithyou.

15

22.     BackGrid discovered Mr. Disick's infringement of Photograph 1 on or

16

about June 6, 2018.

17

23.     BackGrid is the owner and exclusive copyright holder of a photographic

18

image depicting Mr. Disick and a woman in front of Nobu restaurant

19

("Photograph 2"). Photograph 2 was registered with the United States Copyright

20

Office as Registration No. VA 2-105-287 (eff. June 6, 2018).

21

24.     BackGrid never licensed Photograph 2 to Mr. Disick. Nevertheless, Mr.

22

Disick used Photograph 2 without authorization or permission to do so.

23

25.     Specifically, Mr. Disick or his agents copied Photograph 2 and displayed

24

it on Instagram on June 4, 2018, via his account @letthelordbewithyou.

25

26.     BackGrid discovered Mr. Disick's infringement of Photograph 2 on or

26

about June 5, 2018.

27

27.     BackGrid is the owner and exclusive copyright holder of a photographic

28

image depicting Mr. Disick doing an aerial jump on a jet ski ("Photograph 3").

4

Photograph 3 was registered with the United States Copyright Office as Registration No. VA 2-160-106 (eff. June 11, 2019).

28. BackGrid never licensed Photograph 3 to Mr. Disick. Nevertheless, Mr. Disick used Photograph 3 without authorization or permission to do so.

29. Specifically, Mr. Disick or his agents copied Photograph 3 and displayed it on Instagram on January 16, 2018, via his account @letthelordbewithyou.

30. BackGrid discovered Mr. Disick's infringement of Photograph 3 on or about January 17, 2018.

31. BackGrid is the owner and exclusive copyright holder of a photographic image depicting Mr. Disick sliding down an inflatable into a body of water ("Photograph 4"). Photograph 4 was registered with the United States Copyright Office as Registration No. VA 2-160-106 (eff. June 11, 2019).

32. BackGrid never licensed Photograph 4 to Mr. Disick. Nevertheless, Mr. Disick used Photograph 4 without authorization or permission to do so.

33. Specifically, Mr. Disick or his agents copied Photograph 4 and displayed it on Instagram on January 17, 2018, via his account @letthelordbewithyou.

34. BackGrid discovered the Photograph 4 infringement on or about April 26, 2019.

35. BackGrid is the owner and exclusive copyright holder of a photographic image depicting a woman carrying a purse and a boy wearing a Versace jacket ("Photograph 5"). Photograph 5 was registered with the United States Copyright Office as Registration No. VA 2-142-719 (eff. Mar. 15, 2019).

36. BackGrid never licensed Photograph 5 to Mr. Disick. Nevertheless, Mr. Disick used Photograph 5 without authorization or permission to do so.

37. Specifically, Mr. Disick or his agents copied Photograph 5 and displayed it on Instagram on December 20, 2018, via his account @letthelordbewithyou.

38. BackGrid discovered Mr. Disick's infringement of Photograph 5 on or about January 7, 2019.

COMPLAINT

39. BackGrid is the owner and exclusive copyright holder of a photographic image depicting Mr. Disick walking away from a building and wearing a navy-blue sweatshirt and outer jacket ("Photograph 6"). Photograph 6 was registered with the United States Copyright Office as Registration No. VA 2-205-539 (eff. April 25, 2020).

40. BackGrid never licensed Photograph 6 to Mr. Disick. Nevertheless, Mr. Disick used Photograph 6 without authorization or permission to do so.

41. Specifically, Mr. Disick or his agents copied Photograph 6 and displayed in on Instagram on February 21, 2016, via his account @letthelordbewithyou.

42. BackGrid discovered Mr. Disick's infringement of Photograph 6 on or about February 28, 2020.

43. BackGrid is the owner and exclusive copyright holder of photographic images depicting Joe Jonas and Sophie Turner enjoying a walk with a baby carriage ("Photographs 7 and 8"). Photographs 7 and 8 were registered with the United States Copyright Office as Registration No. VA 2-227-767 (eff. Nov. 22, 2020).

44. Photographs 7 and 8 were licensed and originally published together on or about October 21, 2020, by the British newspaper *The Daily Mail* on its website dailymail.co.uk.

45. BackGrid never licensed Photographs 7 and 8 to Mr. Disick. Nevertheless, Mr. Disick used Photographs 7 and 8 without authorization or permission to do so.

46. Specifically, Mr. Disick or his agents copied Photographs 7 and 8 and displayed in on or about Instagram on October 22, 2016, via his account @letthelordbewithyou. On information and belief, Mr. Disick copied Photographs 7 and 8 from *The Daily Mail*'s website.

47. When Mr. Disick or his agents posted Photographs 7 and 8 on his Instagram account, they included text that promoted Mr. Disick's fashion apparel brand, Talentless. The text said: "Looking good in the @talentless Vote sweatshirt."

48.     BackGrid discovered Mr. Disick's infringement of Photographs 7 and 8 on or about October 23, 2020.

### *The Claims Are Not Time Barred*

49.     Defendants did not disclose his unauthorized uses of the Photographs to BackGrid or seek permission to use the Images. But for BackGrid's discovery of the unauthorized uses described above, the infringements would still be ongoing.

50.     BackGrid's claims are not barred by the statute of limitations because the statute of limitations has been tolled since August 2, 2019, when BackGrid and Defendant entered into an agreement, through counsel, to avoid the filing of this Complaint while the parties discussed an informal resolution of the disputes.

51.     BackGrid discovered Defendants' unauthorized uses fewer than three years before August 2, 2019, when the statute of limitations was tolled by agreement.

52.     In addition, BackGrid was reasonably diligent in searching for and discovering Defendants' unauthorized uses of the Photographs and could not have discovered the unauthorized uses sooner than it did. In fact, with respect to each of the Photographs, BackGrid first discovered an infringement on Instagram well within three years of August 2, 2019.

53.     Specifically, as set forth above, BackGrid first discovered an infringement on Mr. Disick's Instagram account on January 16, 2018.

### *Defendant's Infringements Harmed BackGrid*

54.     The Photographs are creative, distinctive, and—as evidenced by Defendants' use and misappropriation of them—valuable. Because of Mr. Disick's popularity and celebrity status, and because of the Photographs' quality and visual appeal, BackGrid stood to gain revenue from licensing the Photographs.

55.     But Defendants' unauthorized use of the Photographs harms the existing and future market for the Photographs, especially when such unauthorized use occurred at or around the same time as licensed copies of the Photographs were publicized. Mr. Disick's Instagram posts made the Photographs immediately

COMPLAINT

available to his nearly 25 million followers and to the public, including consumers of entertainment news—and especially news and images of Mr. Disick himself, as evidenced by their status as Instagram followers of him—who would otherwise be interested in viewing licensed versions of the Photographs in the magazines, newspapers, and online publications that are BackGrid's customers.

56.     Defendants' unauthorized uses also devalued the Photographs and harmed BackGrid because they were re-posted and copied by others, including by BackGrid customers who would otherwise license the Photographs from BackGrid. For example, BackGrid's customer *The Daily Mail* reposted Mr. Disick's Instagram post that included Photograph 2.

57.     In addition, Defendants' unauthorized uses of the Photographs are commercial in nature. Mr. Disick uses his Instagram account for the purposes of promotion—specifically, to promote his business interests, products, and ventures— specifically Talentless; to promote and sell the products and services of others; to maintain and increase his visibility and desirability as endorser and television personality; and to promote his own persona given his celebrity status and popularity.

58.     In addition, Photographs 7 and 8 were used explicitly for a commercial purpose, to promote Mr. Disick's apparel brand Talentless and sell those products.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501 – against Disick)

59.     BackGrid realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

60.     BackGrid is the author and or/copyright owner of the protected Photographs named above in this Complaint.

61.     Mr. Disick reproduced, displayed, or otherwise copied the Photographs without BackGrid's authorization or license.

62.     The foregoing acts of Mr. Disick infringed upon the exclusive rights granted to photographers under 17 U.S.C. § 106 to display, reproduce, and distribute

their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

63.    BackGrid has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

64.    BackGrid suffered damages as a result of Mr. Disick's unauthorized use of the Photographs.

65.    Having timely registered his copyright in the Photographs, BackGrid is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

66.    As an actor and entrepreneur with an apparel brand business, Mr. Disick operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, Mr. Disick was aware of the importance of copyright protection and knew that he needed to have but did not have permission to use the Photographs, and/or he acted recklessly by posting the Photographs without determining his right to do so. Such actions will support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

67.    In the alternative, BackGrid is entitled to recovery of its actual damages and Mr. Disick's profits attributable to the infringement of the Photographs, under 17 U.S.C. § 504(b).

68.    Within the time permitted by law, BackGrid will make its election between actual damages and profit disgorgement, or statutory damages.

69.    BackGrid is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

1

2

## CLAIM TWO

## (For Vicarious and/or Contributory Copyright Infringement – against Disick)

3      70.    BackGrid realleges and incorporates by reference the allegations

4  contained in the preceding paragraphs of this Complaint as if fully set forth here.

5      71.    If Mr. Disick is not liable as a direct infringer of the Photographs, he is

6  secondarily liable for the infringements directly committed by individual employee,

7  contractor, or other infringers presently unknown (the "Direct Infringers").

8      72.    Mr. Disick contributed to, induced, or assisted infringements by the

9  Direct Infringers. Those Direct Infringers infringed while acting under his direction

10  and control and/or using technology, facilities, and support services provided by him.

11      73.    Mr. Disick had, or should have had, knowledge of the infringements of

12  the Direct Infringers. Further, the Photographs were published on Mr. Disick's

13  Instagram accounts and he was, or should have been, aware of that fact. As the owner

14  of the Instagram accounts, Mr. Disick knew or should have known that he did not

15  have licenses to use Photographs.

16      74.    Mr. Disick had the right and ability to supervise the infringing activity

17  that all the Direct Infringers committed because the infringements occurred on his

18  Instagram account.

19      75.    Mr. Disick obtained some financial benefit from the infringement of

20  BackGrid's rights in the Photographs because, on information and belief, Mr. Disick

21  has monetized his Instagram accounts, and because the Photographs were a draw for

22  viewers regardless of the revenue received from any specific use. Accordingly, Mr.

23  Disick had an incentive to permit and even encourage infringement by the Direct

24  Infringers.

25      76.    As a direct and proximate result of said acts of secondary infringement,

26  BackGrid has suffered substantial damages in an amount to be proven at trial.

27

28

77.     BackGrid is entitled to actual damages and disgorgement of direct and indirect profits realized by Mr. Disick in an amount to be proven at trial or, at its election, statutory damages.

78.     Within the time permitted by law, BackGrid will make its election between actual damages and profit disgorgement, or statutory damages.

79.     BackGrid is further entitled to attorney fees and costs under 17 U.S.C. § 505.

### CLAIM THREE

### (For Vicarious Copyright Infringement – Against Talentless)

80.     BackGrid realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

81.     Talentless is secondarily liable for the infringements directly committed by Mr. Disick.

82.     On information and belief, Talentless had the right and ability to supervise the infringing activity of Mr. Disick described above.

83.     Talentless obtained some financial benefit from Mr. Disick's infringing actions described above because at least some of Mr. Disick's Instagram posts promoted Talentless clothing and, on information and belief, cause consumers to purchase such clothing.

84.     Because of the promotion by Mr. Disick, Talentless had an incentive to permit and even encourage infringement by him.

85.     As a direct and proximate result of said acts of secondary infringement, BackGrid has suffered substantial damages in an amount to be proven at trial.

86.     BackGrid is entitled to actual damages and disgorgement of direct and indirect profits realized by Talentless in an amount to be proven at trial or, at its election, statutory damages.

87.     Within the time permitted by law, BackGrid will make its election between actual damages and profit disgorgement, or statutory damages.

COMPLAINT

88.     BackGrid is further entitled to attorney fees and costs under 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, BackGrid requests the following:

A.     For a preliminary and permanent injunction against Defendant and anyone working in concert with him from further copying, displaying, distributing, selling, or offering to sell the Photographs;

B.     For an order requiring defendant to account to plaintiff for profits and any damages sustained by BackGrid arising from the acts of infringement;

C.     As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of BackGrid's copyrights—including digital copies or any other means by which they could be used again by Defendant without BackGrid's authorization—as well as all related records and documents;

D.     For actual damages and all profits derived from the unauthorized use of the Photographs or, where applicable and at BackGrid's election, statutory damages;

E.     For an award of pre-judgment interest as allowed by law;

F.     For reasonable attorney fees;

G.     For court costs, expert witness fees, and all other costs authorized under law;

H.     For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  October 3, 2021          Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:    /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiff
BACKGRID USA, INC.